FILED
TARRANT COUNTY
7/22/2021 10:03 AM
THOMAS A. WILDER
DISTRICT CLERK

NO. 342-326713-21 _____

| | | |
|---|---|---|
| **ELIZABETH TUCKER** | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | \_\_\_ JUDICIAL DISTRICT |
| | § | |
| **SAM'S WEST INC,** | § | |
| **DBA SAMS CLUB No. 8269** | | |
| **Subsidiary of WALMART INC.** | | |
| | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Elizabeth Tucker, hereinafter called Plaintiff, complaining of and about Sam's West Inc, DBA Sam's Club No. 8269, subsidiary of Walmart Inc, hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Elizabeth Tucker, is an Individual whose address is 1910 Pacific Ave, Ste 15100, Dallas, Tx 75201.

3. The last three numbers of Elizabeth Tucker's social security number are 638.

4. Defendant Sam's West Inc., dba Sam's Club, and or Walmart Inc., is a Delaware Corporation based in Bentonville, Arkansas and registered to do business in Texas and may be served with process, by serving the registered agent of the corporation, CT Corporation Systems, at 1999 Bryan St., Ste 900, Dallas, Tx 75201.  Service of said Defendant as described above can

EXHIBIT C

be effected by personal delivery.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

    a. monetary relief over $250,000 but not more than $1,000,000.

7. This court has jurisdiction over the parties because Defendant conducts business in Texas.

8. Venue in Tarrant County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9. At all times material hereto, Defendant was the owner of the premises located at 2325 I-20, Grand Prairie, Tx 75052.

10. Elizabeth Tucker entered upon said premises as a business invitee. She entered on the said property of Defendant at the invitation of Defendant to engage in the act of shopping.

11. During the time that Elizabeth Tucker was upon Defendant's property, Elizabeth Tucker was seriously injured because of a crack in the sidewalk, at or near the entrance to the store, that was of such a nature that the heel of her shoe was caught in the crack, and this condition caused her to fall and break her ankle.

12. Elizabeth Tucker's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

## LIABILITY OF DEFENDANT SAM'S WEST INC, DBA SAMS CLUB #8269, WALMART, INC.

13. At all times mentioned herein, Defendant owned the property in question, located at 2325 I-20, Grand Prairie, Tx 75052.

14. At all times mentioned herein, Defendant had such control over the premises in question that Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

15. Defendant, Defendant's agents, servants, and employees negligently permitted the sidewalk near the entrance to become unsafe, and negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the sidewalk. This condition existed even though Defendant or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

16. Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that, had Defendant or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

17. At all times pertinent herein, Defendant and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

    A. Failing to thoroughly inspect and maintain the area in question to discover the dangerous condition;

    B. Failing to maintain the area near the entrance in a reasonably safe condition;

    C. Failing to give adequate and understandable warnings to Plaintiff of the

        unsafe condition of the sidewalk area; and

    D.    Failing to give warnings to Plaintiff of the unsafe condition.

## PROXIMATE CAUSE

18.    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## EXEMPLARY DAMAGES

19.    Defendant acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

20.    Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant.

## DAMAGES FOR PLAINTIFF, ELIZABETH TUCKER

21.    As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Elizabeth Tucker was caused to suffer multiple surgeries resulting from a fall in which she broke her ankle, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

22. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Elizabeth Tucker has incurred the following damages:

- A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Elizabeth Tucker for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas and Tarrant County, Texas.

- B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

- C. Physical pain and suffering in the past;

- D. Mental anguish in the past;

- E. Physical pain and suffering in the future;

- F. Mental anguish in the future;

- G. Physical impairment in the past;

- H. Physical impairment which, in all reasonable probability, will be suffered in the future;

- I. Loss of earnings in the past;

- J. Loss of Household Services in the past; and

- K. Disfigurement in the past.

23. By reason of the above, Plaintiff, Elizabeth Tucker has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Elizabeth Tucker, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount

within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

        Respectfully submitted,

        JHCM LAW OFFICE

        By:  /S/ Henry Campbell
            Henry Campbell
            Texas Bar No. 00793452
            Email:  cambell@flash.net
            1910 Pacific Avenue, Ste. 15100
            Dallas, TX 75201
            Tel. (214) 742-0708
            Fax. (214) 742-5956
            Attorney for Plaintiff
            Elizabeth Tucker

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

342-326713-21

FILED
TARRANT COUNTY
7/26/2021 3:43 PM
THOMAS A. WILDER
DISTRICT CLERK

## THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

### CITATION                    Cause No. 342-326713-21

ELIZABETH TUCKER
VS.
SAM'S WEST INC.

TO: SAM'S WEST INC
D/B/A SAM'S CLUB NO 8269

B/S REG AGT-CT CORPORATION SYSTEMS 1999 BRYAN ST STE 900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 342nd District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

ELIZABETH TUCKER

Filed in said Court on July 22nd, 2021 Against
SAM'S WEST INC, D/B/A SAM'S CLUB NO 8269

For suit, said suit being numbered 342-326713-21 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

HENRY CAMPBELL
Attorney for ELIZABETH TUCKER Phone No. (214)742-0708
Address    1910 PACIFIC AVE STE 15100 DALLAS, TX 75201

_____Thomas A. Wilder_____, Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 23rd day of July, 2021.

By _Natalie Thigpen_
NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 07/23/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *342326713210000003*

Received this Citation on the 23rd day of July, 2021 at 1:23 o'clock P M; and executed at 1999 Bryan St, Ste. 900 Dallas TX within the county of Dallas, State of TX at 12:55 o'clock P M on the 26th day of July, 2021 by delivering to the within named (Def.): Reg Agt - CT Corporation Systems C/o LaToya Sterns defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _Tashez Redic PSC-17064_
County of _Dallas_ State of _TX_ By _Tashez Redic PSC-17064_ Deputy
Fees $
State of _Texas_ County of _Dallas_ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _Redic Tashez_ before me this 27 day of July, 21
to certify which witness my hand and seal of office
(Seal)

County of _Dallas_, State of _Texas_

ANDREW RALPH LAMADRID
Notary Public, State of Texas
Comm. Expires 04-09-2025
Notary ID 133027320

342-326713-21

FILED
TARRANT COUNTY
8/13/2021 4:49 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 342-326713-21

| | | |
|---|---|---|
| **ELIZABETH TUCKER** | § | IN THE DISTRICT COURT |
| | § | |
| **VS.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| **SAM'S WEST, INC., d/b/a SAM'S** | § | |
| **CLUB NO. 8269, Subsidiary of** | § | |
| **WALMART INC.** | § | **342ND JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Sam's West, Inc. d/b/a Sam's Club No. 8269, Subsidiary of Walmart Inc. (incorrectly sued, correctly named "Sam's East, Inc.," Sam's East, Inc. is the only necessary party), Defendant in the above-entitled and numbered cause, and files its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I. GENERAL DENIAL

Defendant generally denies the allegations contained in Plaintiff's Original Petition, demands strict proof thereof, and says this is a matter for jury decision.

### II. RULE 193.7 NOTICE

Pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7, Defendant provides notice that it intends to use Plaintiff's production of all documents, tangible things and discovery items produced in response to discovery in any pre-trial proceeding or at trial.

### III. JURY DEMAND

Defendant further demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing hereof, Plaintiff take nothing by this suit, that Defendant recover its costs, and that Defendant have such other and further relief, both at law and in equity, to which it may be justly entitled.

        **Respectfully submitted**,

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201
(214) 220-5208 (direct phone)
(214) 220-5258 (direct fax)

By:   */s/ Bevan Rhine*
     **BEVAN RHINE**
     Texas Bar No. 24036265
     brhine@cobbmartinez.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to the following counsel of record either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 13th day of August, 2021:

Henry Campbell
JHCM Law Office
1910 Pacific Avenue, Suite 15100
Dallas, TX  75201
214.742.0708 / fax 214.742.5956
cambell@flash.net

    */s/ Bevan Rhine*
    **BEVAN RHINE**